IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ASHLEY KRISTA SAIZ,

      Plaintiff,

vs.                                                          Case No.  22-742 DHU/KK

KILOLO KIJAKAZI, Acting Commissioner
of the Social Security Administration,

      Defendant.

**ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE
JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

The Magistrate Judge filed her Proposed Findings and Recommended Disposition ("PFRD") on August 22, 2023.  Doc. 32.   The PFRD notified the parties of their ability to file objections within fourteen days, and that failure to do so waived appellate review.  *Id.* at 26.   On September 5, 2023, the Court granted Defendant an extension of time for filing objections.  Doc. 35.  On September 19, 2023, Defendant filed objections to the Magistrate Judge's PFRD.  Doc. 36.

Pursuant to FED. R. CIV. P. 72(b), the Court has conducted a de novo review of the record and all parts of the Magistrate Judge's PFRD that have been properly objected to.  Specifically, the PFRD recommends reversing Defendant Kilolo Kijakazi's, the Acting Commissioner of Social Security ("Commissioner"), decision finding Plaintiff not disabled under the Social Security Act and remanding the matter further proceedings.  Doc. 32 at 1.  Defendant argues that the PFRD relied on the "recommended finding that the ALJ did not adequately explain how she evaluated two state agency psychological consultants assessments that Plaintiff could perform work involving simple instructions."  Doc. 36 at 1.  Defendant asserts this finding is incorrect because

it is:

> based on the mistaken premise that when the psychologists indicted [sic] moderate "limitations," they "meant to indicate that these abilities were 'impaired" such that Plaintiff would be unable to perform simple work (Report at 11). That is not what the Agency's regulations say. Instead, the governing regulations say this: "Moderate limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is fair." 20 C.F.R. § 404.1520a(c)(4)(c). In *Fannin v. Commissioner*, *SSA*, 857 F. App'x 445, 446 n.3, 448 (10th Cir. 2021), the Tenth Circuit addressed this and came to the same conclusion that the Commissioner urged in its opening brief (ECF No. 27 at 9-12). Any attempt to limit *Fannin*'s guidance on this point by categorizing *Fannin* as "'divergent' from [the Tenth Circuit's] reasoning in other cases" (Report at 14), is off base. When *Fannin* is properly read, together with other precedential Tenth Circuit decisions such as *Smith v. Colvin*, 821 F.3d 1264, 1268-69 (10th Cir. 2016) and *Vigil v. Colvin*, 805 F.3d 1199, 1203-04 (10th Cir. 2015), it is clear that there is no conflict between these psychologists' conclusions that the ALJ was required to explain.

Doc. 36 at 1-2 (footnote omitted). According to Defendant, this means "there is no reason for remand." *Id.* at 2. In contrast, Plaintiff asks this Court to affirm the PFRD because:

> The ALJ must articulate how he or she assessed the persuasiveness of the prior administrative findings, with the most important factors being supportability and consistency. 20 C.F.R. § 404.1520c(a)(2). If the [residual functional capacity] assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted. SSR 96-8p.

Doc. 38 at 6.

After conducting a de novo review, and having thoroughly considered the Magistrate Judge's PFRD and the objections, the Court finds no reason either in law or fact to depart from the Magistrate Judge's recommended disposition.

### IT IS THEREFORE ORDERED AS FOLLOWS:

1. The objections of Defendant are OVERRULED;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 32) are ADOPTED; and

3. The Court GRANTS Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum (Doc. 21), REVERSES the Commissioner's decision

denying Plaintiff's disability claims; and REMANDS this matter to the Commissioner for further proceedings in accordance with this Order.

_____
DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE